IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JASON KORST,<br>Plaintiff,<br>vs.<br>JEFFERSON COUNTY, MONTANA,<br>Defendant. | CV 22-09-H-JTJ<br><br>**AMENDED SCHEDULING ORDER** |

The Court conducted a telephonic scheduling call on December 21, 2023, accordingly, the following amended schedule will apply:

IT IS ORDERED:

1. **Schedule**

| | |
|---|---|
| Attorney conference to discuss preparation of the final pretrial order shall be conducted on or before: | March 22, 2024 |
| Proposed final pretrial order shall be filed on or before: | April 1, 2024 |

| | |
|---|---|
| Final pretrial conference: | <u>April 8, 2024 at</u> <u>2:00 p.m</u> at the Mike Mansfield Federal Courthouse, Butte, MT |
| Trial briefs (optional), jury instructions and a verdict form shall be filed on or before: | <u>April 10, 2024</u> |
| Trial (6 member jury): | <u>April 17, 2024</u> <u>at 9:00 a.m.</u> Mike Mansfield Federal Courthouse Butte, Montana |

2. **Venue, Length of Trial and Number of Jurors**

Trial of this case shall be conducted in Butte, Montana, before a jury of six persons. The trial will take two days.

3. **Attorney Conference for Trial Preparation**

If the case does not settle, counsel for the plaintiff shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.4(b).  The Final

Pretrial Order shall comply with the form prescribed by Fed. R. Civ. P. 26(a)(3)(A)(i)-(iii) and Local Rule 16.4.  Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list.  See generally Forms D, E, and F, Local Rules Appendix C.

4. **Final Pretrial Order**

The parties should e-file the proposed Final Pretrial Order and e-mail a copy in Word format to jtj_propord@mtd.uscourts.gov and sara_luoma@mtd.uscourts.gov.  Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

5. **Final Pretrial Conference**

Counsel for the parties shall appear before the Court at the Mike Mansfield Federal Courthouse, Butte, Montana, for the final pretrial conference on the date and time set forth in paragraph 1.  Each party should bring a copy of its trial exhibits if a copy has not already been delivered to chambers.

6.    **Trial Briefs**

Trial briefs are optional.  If a party wishes to file a trial brief, the brief must be filed on or before the date indicated in paragraph 1.

7.    **Jury Instructions**

   a.    The parties shall jointly prepare jury instructions upon which they agree (proposed joint instructions).  If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions.  **No two instructions shall be submitted with the same number.**  The parties shall also prepare an agreed upon verdict form with the instructions.  If a verdict form cannot be agreed to, each party shall prepare a separate verdict form together with a written statement explaining why they do not agree on a joint verdict form.

   b.    <u>Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form</u>:  By the date set forth in paragraph 1, any party filing electronically or, if no party is filing electronically, Plaintiff's counsel shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, in Word format to jtj_propord@mtd.uscourts.gov.  If the

documents are filed conventionally, the filing party must deliver them to the Clerk of Court in Butte, Montana.

  c. <u>Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, in WordPerfect format to jtj_propord@mtd.uscourts.gov and sara_luoma@mtd.uscourts.gov.

  d. <u>Conventional Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1) deliver to the Clerk of Court in Butte, Montana one working copy of its supplemental proposed jury instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, to jtj_propord@mtd.uscourts.gov and sara_luoma@mtd.uscourts.gov.

8. **Format of Jury Instructions**

  a. The <u>clean copy</u> shall contain:

    (1) a heading reading "Instruction No. ____", and

    (2) the text of the instruction.

 b. The <u>working copy</u> shall contain:

    (1) a heading reading "Instruction No. __",

    (2) the text of the instruction,

    (3) the number of the proposed instruction,

    (4) the legal authority for the instruction, and

    (5) the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

 c. Jury instructions shall be prepared in 14-point Times New Roman font.

9. **Settling of Instructions**

The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing arguments, at which time counsel may present argument and make objections.

10. **Trial Exhibits**

 a. Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final

pretrial conference. Counsel must provide a binder of paper copies of the exhibits upon request of opposing counsel.

      b.      Each exhibit must show the number of the exhibit. If paper copies of the exhibits are exchanged, the binders must bear an extended tab showing the number of the exhibit. The exhibit list must identify those exhibits the party expects to offer and those the party may offer if the need arises. Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

      c.      Exhibits marked for use at trial that have not been numbered in discovery shall be marked by plaintiff using 1-500 and defendant starting at 501.

      d.      Each exhibit must be paginated, including any attachments thereto. <u>Exhibits shall not be duplicated</u>. An exhibit may be used by either of the parties.

      e.      Counsel shall file with the Court a CD or DVD of the exhibits, as well as one paper copy of the exhibits. The paper copy shall be formatted as described in (b), above. The electronic files and paper copy shall be delivered to the Clerk of Court in Butte, Montana on or before the date of the final pretrial conference.

  f. <u>Failure to comply with (a) through (e) above may result in the exclusion of the exhibit at trial.</u>

 11. **Jury Evidence Recording System (JERS)**

The parties shall be prepared to use the Jury Evidence Recording System (JERS). JERS is available through the Court. It allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations. Detailed information about how to use JERS, including contact information for District personnel who can explain further, is found on the Court's website, http://www.mtd.uscourts.gov/ under the heading "Attorneys." Parties must contact the Clerk's office for technical assistance for the use of JERS by the time of the Final Pretrial Conference in the case and in no event less than two weeks before trial.

 12. **Calling Witnesses at Trial**

When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four (4) copies of a single page document, <u>see</u> Form I, Local Rules Appendix C, providing the following information about the witness:

  a. the full name and current address of the witness;

    b.    a brief description of the nature and substance of the witness's testimony;

    c.    date witness was deposed or statement taken; and

    d.    a listing of each exhibit to which the witness may refer during direct examination.

DATED this 21st day of December, 2023.

_____
John Johnston
United States Magistrate Judge